## PRIVILEGE OF A WITNESS IN FEAR OF INCRIMINATING HIMSELF.

Circuit Court of Cuyahoga County.

IN THE MATTER OF THE APPLICATION OF ADDIE SUTTER FOR A WRIT OF HABEAS CORPUS v. THE STATE OF OHIO.*

Decided, November 18, 1908.

*Witness—Privilege of, Where in Fear Answer will Incriminate— Witness the Sole Judge—Failure to Act in Good Faith—Court Without Jurisdiction to Punish for Contempt—Application of Section 5729.*

Inasmuch as the witness, and not the court, is the judge as to whether the answer to a question would incriminate him, the court is without jurisdiction to commit him for contempt in refusing to answer; but a witness who does not act in good faith in giving such a reason for refusing to answer may be subjected to the penalties for perjury.

*O. W. Broadwell,* for applicant.
*W. E. Carey,* Assistant Prosecuting Attorney, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

We reach the conclusion now which was indicated by what was said from the bench this morning. In doing so, we are not unmindful of the fact that outside of the state of Ohio a different conclusion has been reached by the highest courts in a great many other jurisdictions, but we think in Ohio, in the case to which attention was called this morning, being that of *Warner v. Lucas,* 10 Ohio, 336, the exact question we have here is decided. This is upon the assumption that the allegations of the relator here are true, and that she refused to answer on the ground that it would incriminate her, and we understand it to be conceded that this is the ground upon which she refused to answer certain questions put to her, therefore making the case very similar in character to the one above cited.

It is said, however, that the question involved here was not necessarily involved in that case. It is true that case was a suit

---

* Affirmed by the Supreme Court without report, *In re Addie Sutter,* 80 Ohio State, 711.

for damages, but it is further true that counsel in the case, Benjamin F. Wade and Rufus P. Ranney, for the plaintiffs in error, and E. Wade, Joshua Giddings and Hudge Chaffee, of counsel for the defendants in error, in briefs on both sides, discussed this question, and on this point, and called the attention of the court to authorities, and then the court, in passing upon it, and discussing the case, said that two questions seemed to be involved in the present inquiry, the first being: "Was the decision of the magistrate that the witness ought to testify so conclusive as to render his silence inexcusable and thus to authorize a suit against him for falsely and wilfully refusing to give evidence?" But as to the second branch of the case, the court says:

"It seems to be supposed that if the witness is in the last resort, the exclusive judge of what will be the tendency of his answers to certain questions, that this not only protects him from giving testimony, but protects him also from a suit, the object of which is to show that his refusal was without foundation, that it was both wilful and false. It is supposed in other words, that the decision of the witness is without appeal, not merely on the trial where he is offered, but in any future proceeding which may be set on foot for the purpose of elucidating the truth. Such, however, does not appear to me to be a fair inference; and the protection which is thrown around the witness as such, is rather a reason why he should be subjected to an action if he has abused that privilege."

And so here that would be true if she has abused the privilege extended to her.

The court, in discussing the question which we have here, uses this language:

"The rule laid down on the trial of Col. Burr, 1 Rob., 242, was the first attempt to give a clear and detailed exposition of the practice of the court as to the first branch of the inquiry. It is there declared, that 'it is the province of the court to judge whether any direct answer to the question proposed, will furnish evidence against the witness.' The rule had before been laid down in general terms, that the witness is himself to be the judge, and it is difficult to perceive how the court can be the judge, if the bearing of the testimony which is sought to be disclosed is a secret locked up in the bosom of the witness, and if to give a reason why he declined to testify, should have the

effect of partially revealing that secret. The court can only be enabled to judge when it understands the situation of the witness. To understand that, may require a disclosure from the witness of his reasons for withholding his testimony, and yet in giving these reasons he may furnish a necessary link in the chain of testimony against himself. The rule laid down in the case of Col. Burr, therefore, must not be considered as one of universal application, because there may be cases in which the court are absolutely unable to judge. But the rule was undoubtedly correct in that particular case; for the witness did voluntarily give his reasons for refusing to testify.''

Then follows a statement of the particular matter upon which the witness was asked to testify, and in this language, quoting from the Burr case: ''It was held that he might testify; the court did decide that he must testify.''

Later on, still quoting from the Burr case, the court uses this language: ''If the answer may disclose a fact, which forms a necessary and essential link in the chain of any testimony, which would be sufficient to convict the witness of any crime, he is not bound to answer it.'' ''In such a case, the witness must himself judge what his answer will be, and if he say on oath, that he can not answer without accusing himself, he can not be compelled to answer.''

Our own Supreme Court, in the case of *Warner* v. *Lucas, supra,* after making this last quotation from the case of Col. Burr, says:

''That is, inasmuch as it is impossible for the court thoroughly to understand the situation of the witness or to comprehend the bearing which his testimony may have on his past actions and conduct, he must necessarily, in the last resort, be the judge himself what will be the effect of that testimony.''

In view of this holding by our own Supreme Court, we reach the conclusion here, that the judge before whom the relator refused to testify, and by whose orders she was committed to jail, was without authority to commit her, after her statement, that to give answers to the questions propounded would tend to criminate herself; that she, and not he, knowing what the answers to the questions must be, was the final judge of what the effect of such answers would be.

It must be remembered that this witness was under oath when she gave as a reason for not answering the questions, that she believed the answers, if given, would tend to criminate her, to furnish evidence, under which she might be convicted of a crime. If so, while under oath, her statement that she believed her answers would thus tend to criminate her, she told what was not true, she committed perjury, and if she were to be indicted for perjury, for having so stated, and it could be shown that she was not acting in good faith when she made the statement, and that she had no reason to believe that her answers would tend to criminate her, there can be little doubt that she could be convicted of perjury; so that notwithstanding the witness is permitted to judge for himself at the time he refuses to answer questions, whether the answers would tend to criminate him, he is not relieved from the consequences of so stating, if the statements can be proved to be false.

In view of the provisions of Section 5729, Revised Statutes of Ohio, which reads as follows,

"If it appear that the person alleged to be restrained of his liberty is in custody of an officer under process issued by the court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or if the jurisdiction appear after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment or order,"

we could not release the prisoner here without first finding that the court ordering her commitment was without jurisdiction to make the order; that is, that it had no authority to order and determine the question of whether she was acting in good faith in thus refusing to answer. Holding as we do, however, that the witness and not the court, was the judge in this matter, we are of the opinion that the court was without jurisdiction. The result necessarily is that the prisoner must be discharged, and it is so ordered.